**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| **GREEN APPLE GROCERY AND DELI, LLC** 2526 WASHINGTON BLVD BALTIMORE, MARYLAND 21230 AND **MALEK MOHAMED** 2526 WASHINGTON BLVD BALTIMORE, MARYLAND 21230 **APPELLANTS'** V. **UNITED STATES DEPARTMENT OF AGRICULTURE; C/O SONNY PERDUE**, in his official capacity as Secretary of the United States Department of Agriculture **APPELLEE** | Civil Case No.:1:19-cv-01408-RDB |

---

**APPELLANTS' AMENDED COMPLAINT AND REQUEST FOR JUDICIAL REVIEW**
**PURSUANT TO 7 U.S.C. § 2023 AND 7 CFR § 279.7**

**NOW COMES**, Green Apple Grocery And Deli, LLC, Malek Mohamed (the "Appellants', collectively), by and through their attorneys, JESSIE LYONS CRAWFORD and THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC, moves this Court for Judicial Review of a Final Agency Decision permanently disqualifying Appellant from the Supplemental Nutrition Program ("SNAP") by the Food and Nutrition Services ("FNS") of the United States Department of Agriculture ("USDA"), and for reasons state:

1

## PARTIES

1. The Appellant, Green Apple Grocery and Deli, LLC ("Green") is a Maryland Limited Liability Company, that all times relevant herein, conducts business in the State of Maryland. In addition, Green, was authorized to accept SNAP benefits from consumers.

2. The Appellant, Malek Mohamed ("Mr. Mohamed"), is a resident of the State of Maryland. At all times relevant herein, Mr. Mohamed is a member of Green, and is duly authorized to proceed on behalf of Green.

3. The United States Department Agriculture and Sonny Perdue, ("Appellees'") is an agency of the United States. At all times relevant herein, Appellees' were responsible for administrating the SNAP program by FNS.

## JURISDICTION

4. Pursuant to 7 U.S.C. 2023(a)13 and 7 CFR 297.7, the Appellants' asserts this claim against the United States of America seeking judicial review of the Final Notice of Determination/Final Agency Decision rendered by the USDA on September 25, 2018.

## COUNT I

5. Appellant hereby incorporates the above-referenced paragraphs as if restated herein for reference.

6. On April 2, 2019, USDA, acting as an agency of the United States rendered a Final Agency Decision ("FAD") affirming  a Permanent Disqualification upon Appellants'' from participation as an authorized retailed in the Supplemental Nutrition Assistance Program ("SNAP"), rendered by FNS Retailers Operation Division based on alleged violations of 7 U.S.C. §2021 and 7 CFR 271.2.

7.  Appellant contends that the evidence does not support/establish that any of the predicate acts supporting the Permanent Disqualification were for the benefit of the Appellants', or participated in by Appellants', and the evidence is not sufficient to support Appellants' Permanent Disqualification under 7 CFR 2021.

8.  Appellees did not have a proper basis for withdrawing Appellant's authorization.

9.  A preponderance of the evidence that Appellees considered in issuing the FAD did not support its decision to permanently disqualify Appellants'.

10. Appellees improperly shifted the burden of proof to Appellants' to disprove that it is a restaurant in violation of the Food and Nutrition Act and FNS's SNAP regulations.

11. Appellees decision to permanently disqualify Appellants' SNAP authorization was invalid, unreasonable, arbitrary and capricious, and unsupported by the administrative record and all other evidence available to it.

12. Appellees withdrawal of Appellants' SNAP authorization was not rationally related to any legitimate governmental interest.

13. Withdrawal of Appellants SNAP authorization is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

14. Appellees withdrawal of Appellants' SNAP authorization represents agency action beyond the scope of authority granted by Congress to FNS when it delegated power to promulgate and enforce reasonable regulations in the Food and Nutrition Act of 2008.

15. Appellees, in issuing the FAD, relied upon records and other information in FNS's possession which were never provided to Appellants'.

16. The FAD was not based upon any declarations or affidavits from a USDA or FNS official, employee, or contractor whose identity was disclosed to Appellants'.

17. The FAD is FNS's final administrative determination related to the withdrawal of Appellants' SNAP authorization.

18. The FAD is subject to judicial review and a trial de novo pursuant to 7 U.S.C. §§2023(a)(13), (15).

19. Judicial reviews pursuant to 7 U.S.C. §§2023(a) are not governed by the Administrative Procedure Act and the evidence is not limited to the administrative record prepared by FNS.

20. The FAD was based on an arbitrary and capricious interpretation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

21. FNS withdrew Appellants' SNAP authorization in violation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

22. FNS's withdrawal of Appellants' SNAP authorization was premised upon an erroneous, unsupportable, and arbitrary and capricious interpretation of 7 C.F.R. §278.1.

23. In issuing the FAD, FNS acted arbitrarily and capriciously by failing to consider all information submitted by or related to Appellants'.

24. Appellants' respectfully requests a de novo review of FNS's FAD which affirmed the withdrawal of its SNAP authorization.

WHEREFORE, Appellants' respectfully requests that this Court, after conducting a de novo review of the FAD, enter judgment in its favor and against the United States, and issue an Order granting the following relief:

(a)     Reversing the FAD;

(b)     Vacating FNS's Initial Determination;

4

(c)      Preliminarily enjoining FNS from withdrawing Appellants' authorization to participate in SNAP during the pendency of this action;

(d)      Permanently enjoining FNS from withdrawing Appellants' authorization to participate in SNAP based upon the Initial Determination and/or the FAD;

(e)      Awarding Appellants' an amount equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access to Justice Act; and

(f)      Such other and further relief as the Court may deem just and proper.

### COUNT II

25. Appellants' hereby incorporates the above-referenced paragraphs as if restated herein for reference.

26. Appellees', United States, through its agent USDA, in its Final Agency Decision, affirming a Permanent Disqualification upon the Appellants', denied Appellants' eligibility for a civil money penalty in lieu of Permanent Disqualification which is authorized pursuant to 7 CFR 278.6(i).

27. Appellants' contends that the evidence presented is sufficient to support its eligibility for a civil penalty in lieu of Permanent Disqualification.

28. The Permanent Disqualification in lieu of a civil money penalty was arbitrary and capricious.

WHEREFORE, Appellants' respectfully request that thus Honorable Court reverse the final agency decision and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,

/s/ Jessie Lyons Crawford

_____

**JESSIE LYONS CRAWFORD, Esq.**
**COUNSEL FOR PLAINTIFF**

Federal Bar No.: 25247
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
410-662-1230  F: 410-662-1238
E. attorneyjlcrawford@verizon.net