**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| **GREEN APPLE GROCERY AND DELI, LLC, ET AL** | |
| **PLAINTIFFS** | |
| V. | Civil Case No.:1:19-cv-01408-RDB |
| **UNITED STATES DEPARTMENT OF AGRICULTURE; C/O SONNY PERDUE**, *in his official capacity as Secretary of the United States Department of Agriculture* | |
| **DEFENDANT** | |

**DECLARATION OF JESSIE LYONS CRAWFORD**
**IN SUPPORT OF PLAINTIFFS REQUEST FOR DISCOVERY**

The Plaintiffs, Green Apple Grocery and Deli, LLC, and Malek Mohamed, an individual, by and through their undersigned counsel hereby file this Declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, and state that they are unable to fully present facts essentially to justify their respective positions for the following reasons:

I, Jessie Lyons Crawford, am over the age of eighteen (18) and have personal knowledge of all matters contained herein:

1. I am counsel for Green Apple Grocery and Deli LLC ("Green Apple") and Malek Mohamed (collectively, the "Plaintiffs"). I submit this declaration pursuant to Fed. R. Civ. P. 56(d) and in support of their opposition to Defendant's motion to dismiss or in the alternative for summary judgment ("Motion to Dismiss").

2. The following reasons support deferral or denial of Defendant's Motion to Dismiss in order permit the Plaintiff to conduct discovery necessary to permit it to justify its opposition.

1

3.  First, Plaintiffs needs to undertake discovery at this time because it could not do so during FNS SNAP administrative proceedings. This is true because no discovery is permitted therein. No depositions can be taken, no evidentiary hearings are scheduled, and no cross-examination of witnesses is possible during FNS administrative review proceedings. Moreover, FNS does not produce all responsive records related to a SNAP-related proceeding in its possession to a retailer, even when a FOIA Request is submitted; in those instances, FNS asserts one or more exemptions in response to all requests related to SNAP retailer proceedings.

4.  The Plaintiffs have not been able to serve upon the Defendant a Request for Production of Documents or conduct depositions which in pertinent part seek the disclosure of categories of essential information needed by the Plaintiffs to present their case as discovery has not commenced in this matter pursuant to Rule 26. The categories of documents sought (and their importance) are stated below:

    a)  All data, records, computer programs, algorithms, comparables, memoranda, pictures, and investigative reports utilized or relied upon by the Defendant in disqualifying the Plaintiffs from participating as a retail food store in the Supplemental Nutrition Assistance Program. As of this writing, Plaintiffs have never before been provided all the information upon which the original decision to disqualify them was made. The Plaintiffs cannot rebut the Defendant's evidence without this information.

    b)  All household data for any and all persons or participants that are listed in the Attachments to the Charging Letter, or the timeframe listed in the Charging Letter and encompassing the Attachments thereto. As of this writing, Plaintiffs have never

before been provided this information, and is unable to rebut the Defendant's evidence.

c) All transaction data for any store that the Plaintiff's store was compared to for purposes of determining what transactions should be included in the Attachments to the Charging Letter. Plaintiffs expert would be required to conduct a data analysis to complete a comparison of "baseline" stores in order to determine whether or not the Plaintiffs were in fact operating outside normal range of transactions for similarly situated businesses. While summaries and bar graphs were selected for inclusion by the Defendant in is Administrative Record, the raw data was excluded.

d) Any and all investigative reports pertaining to the Plaintiff and relating to the transactions set forth in the Charging Letter, to include, but not be limited to pictures, affidavits, notes, memoranda and communication. This information is very important to Plaintiffs defense as it seeks to identify any other investigations that the Department conducted into the Plaintiffs' operations which may also show a pattern of regulatory compliance.

e) Any and all statistical case studies upon which the Defendant based its finding of trafficking in the instant matter. The Defendant contends in the Administrative Review that the two ALERT patterns utilized by the Defendant in this matter are correlated to trafficking in SNAP benefits as a result of a Department data analysis. If the Defendant has a study/analysis that correlated the two, it would be a direct contradiction of what the Defendant has previously testified to.

3

f) Any and all investigative case studies upon which the Defendant based its finding of trafficking in the instant matter. The Defendant contends in the Administrative Review that the two ALERT patterns utilized by the Defendant in this matter are correlated to trafficking in SNAP benefits as a result of a Department data analysis. If the Defendant has a study/analysis that correlated the two, it would be a direct contradiction of what the Defendant has previously testified to.

g) Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "multiple transactions [that] were made from individual benefit accounts in unusually short time frames." The Defendant contends in the Administrative Review that the two ALERT patterns utilized by the Defendant in this matter are correlated to trafficking in SNAP benefits as a result of a Department data analysis. If the Defendant has a study/analysis that correlated the two, it would be a direct contradiction of what the Defendant has previously testified to.

h) Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "excessively large purchase transactions made from recipient accounts. As previously noted, which bears repeating, Plaintiffs' have never before received all the information upon which the original decision to disqualify them was based. The Plaintiffs cannot fully rebut the Defendant's evidence without this information.

i) Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "the majority or all of individual recipient benefits were exhausted in unusually short periods of time." As previously noted,

which bears repeating, Plaintiffs' have never before received all the information upon which the original decision to disqualify them was based. The Plaintiffs cannot fully rebut the Defendant's evidence without this information.

j)  Any and all internal memoranda, processes, guidelines, guide books, or other such documentation upon which the Defendant's Analysts and Section Chiefs are to rely in evaluating charges of trafficking, sale of ineligible items, and issuance of credit in ALERT data based cases. As previously noted, which bears repeating, Plaintiffs' have never before received all the information upon which the original decision to disqualify them was based. The Plaintiffs cannot fully rebut the Defendant's evidence without this information.

k)  Any and all training materials and documentation used for new employees in the position of USDA FNS Retailer Operation Division Analyst. As previously noted, which bears repeating, Plaintiffs' have never before received all the information upon which the original decision to disqualify them was based. The Plaintiffs cannot fully rebut the Defendant's evidence without this information.

l)  A copy of the FNS Standard Operating Procedures. As previously noted, which bears repeating, Plaintiffs' have never before received all the information upon which the original decision to disqualify them was based. The Plaintiffs cannot fully rebut the Defendant's evidence without this information.

m) Any and all store evaluations, inspections, investigations, Retailer Investigation Branch reports, ALERT reports, ALERT data, and STARS data for any and all retailers to which the Plaintiff was compared. The data requested in this section includes information from January 2016-until the present date. As previously noted,

which bears repeating, Plaintiffs' have never before received all the information upon which the original decision to disqualify them was based. The Plaintiffs cannot fully rebut the Defendant's evidence without this information. These documents will be helpful in ensuring that no relevant information or documentation relied on by the Defendants are discovered.

n) Any and all reports, statistical analyses, memoranda and the like pertaining to the shopping habits of typical SNAP participant households which are the product of the Defendant's studies since 2008. Plaintiffs', upon information and belief, believes that additional studies were performed in 2016-2018; thus, this information is relevant to Plaintiffs being able to meet its burden in this case.

o) Any and all documentary evidence upon which the Defendant intends to rely to support its case that the Plaintiff was trafficking in SNAP benefits. This category is a general request for any other documents which the Defendant's may contend support their position and will be utilized herein.

p) All curriculum vitae of any expert that the Defendant intends to list as a witness at trial.

q) Specific personal identifying information, including name, address, phone number, and EBT card number is known by state agencies that issue EBT cards to SNAP beneficiaries. This information will be helpful in identifying the customers that the Defendant's are stating received cash, in lieu, of food. This information is germane to Plaintiffs being able to meet their proof.

5. Furthermore, Plaintiffs also seeks to serve written discovery on the Defendant, to take the deposition, pursuant to Fed. R. Civ. P. 30(b)(6), of the FNS designee(s) with knowledge

regarding its "Ineligible Firms" regulation, and to take the deposition of the FNS Administrative Review Officer ("ARO") who issued the FAD. In addition, Plaintiff will seek to depose the ALERT System Administrator. This limited discovery is likely to uncover FNS's issuance, guidance, communications, and other records relating to FNS's "Ineligible Firms" regulation, including how, if at all, FNS interpreted the term "home consumption." It is also likely to confirm that the Defendant has not reasonable evidence to support its charges that the Plaintiffs were trafficking food stamps.

6. Additional depositions may be necessary for yet-to-be-identified SNAP participants to ascertain why they made the purchase that they did in the timeframe in which they were made. To date, all evidence pertaining to household preferences has been generic and limited to the personal knowledge of the Plaintiffs.

For these reasons, the Plaintiffs are unable to fully respond to the Motion to Dismiss or, in the Alternative for Summary Judgment filed by the Defendant in this Matter.

I hereby swear and affirm that the foregoing statements are true and accurate to the best of my knowledge and belief, and that this Declaration has been filed in good faith

/s/ Jessie Lyons Crawford

_____
JESSIE LYONS CRAWFORD,
Counsel for Plaintiffs