DocuSign Envelope ID: 991A8A83-2DDE-4ABC-AC5B-C519DCD97340

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# Baltimore Division

| | |
|---|---|
| **GREEN APPLE GROCERY AND DELI, LLC, ET AL**<br><br>**PLAINTIFFS**<br><br>V.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE; C/O SONNY PERDUE**, *in his official capacity as Secretary of the United States Department of Agriculture*<br><br>**DEFENDANT** | Civil Case No.:1:19-cv-01408-RDB |

## AFFIDAVIT OF MALEK MOHAMED IN SUPPORT OF PLAINTIFFS RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, MALEK MOHAMED, a natural person, hereby swears and affirms that the following statements are true and accurate to the best of his knowledge and belief.

1. I am the owner and manager of Green Apple, over the age of eighteen (18) and competent to testify regarding the matters herein.

2. On June 16, 2013, Green Apple Grocery and Deli, LLC ("Green Apple"), was opened by me to serve a predominantly poor neighborhood of Washington Boulevard in Baltimore City, Maryland.

3. Green Apple is a small retail food store that accepts Supplemental Nutrition Assistance Program ("SNAP") benefits.

4. As part of my store's participation in SNAP, I along with the Store's employees have reviewed the EBT training materials and are well versed in the regulations and specifically

DocuSign Envelope ID: 991A8A83-2DDE-4ABC-AC5B-C519DCD97340

separate eligible and ineligible items when they are presented for purchase, then we process the EBT transaction and the ineligible item transaction separately.

5. From June 2013 until we were arbitrary and capriciously revoked, I, along with all employees of the store were all aware of the rules and were in the habit of routinely separating transactions into "eligible" and "ineligible" items.

6. It is my policy that no violations of the SNAP regulations will be permitted in my store. Accordingly, I am careful to comply with the regulations.

7. It is my policy, to refuse to sell ineligible items on SNAP.

8. It is my policy, to refuse cash back on SNAP.

9. As I have been present for nearly all EBT transactions at the store, and have personally observed the process described herein above.

10. The Defendant has not provided me or my attorneys with the names of the customers which were the subject of an alleged violations, thus, it is impossible for me to address the allegations that are set forth in the Final Agency Decision ("FAD").

11. As part of running Green Apple, I am primarily responsible for making business decisions for the store pertaining to the acquisition and pricing of food, packaging of eligible items, and overseeing the operation of the Electronic Benefits Transfer (EBT) system. As such, I have an intimate knowledge of the business' operations and transactions.

12. Many of my SNAP customers purchase foods with other family members in the store to help them carry the items out, or they will bring bags or their own carts to transport the items back to their homes.

13. The vast majority of the store's business comes from these customers, and as such, most of the store's business is EBT driven.

14. Much of our advertising to SNAP participants was word-of-mouth. When participants were happy with our selection, they would tell their neighbors and friends, who would also come to the store.

15. At no time did I, or any other person associated with my store commit trafficking. The transactions that are listed by the Defendant in its charging letter are legitimate purchases of eligible items, nearly all of which can be reproduced when looking through my store's inventory.

16. Prior to the instant matter, I have not been formally charged with a violation of the Snap program.

FURTHER THE AFFIANT SAYETH NOT.

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true and accurate to the best of my knowledge.

Signed this __25__ day of __01__, 2021

_____
MALEK MOHAMED