IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Green Apple Grocery and Deli, LLC, et al,

    Plaintiffs,

v.

United Stated Department of Agriculture,

    Defendant.

Case No. 19-cv-1408-RDB

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, the United States Department of Agriculture ("USDA" or "Defendant"), by and through its counsel, Robert K. Hur, United States Attorney for the District of Maryland, and Jane E. Andersen, Assistant United States Attorney for said district, respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss or, in the Alternative, for Summary Judgment.

## INTRODUCTION

USDA determined that plaintiffs, Malek Mohamed, ("Plaintiff Mohamed" or "Owner"), the Owner of Green Apple Grocery and Deli, LLC ("Plaintiff Grocery" or "Store"), a convenience store located at 2526 Washington Blvd., Baltimore, Maryland 21230 (collectively, the "Plaintiffs"), engaged in trafficking. This finding is supported by the administrative record, and plaintiff offers no plausible argument to the contrary. The relevant question is whether plaintiffs have met their burden "to raise material issues of fact as to each of the transactions set forth as suspicious by FNS." *See Kahin v. United States*, 101 F. Supp. 2d 1299, 1303 (S.D. Cal. 2000); *see also Ganesh v. United States*, 658 F. App'x. 217, 219 (6th Cir. 2016). Plaintiffs fail to carry this heavy burden.

Here, the Store's SNAP EBT data from February 2018 through June 2018 demonstrated (1) repetitive transactions in a short period of time from the same households within unusually short time periods; and (2) excessively large purchases. After a six-month investigation and after providing plaintiffs an opportunity to be heard and submit evidence, USDA rationally concluded that the evidence, in its totality, demonstrates that the plaintiffs engaged in trafficking. Plaintiffs do not challenge the fact that each transaction occurred, nor could they.  Plaintiffs instead argue that trafficking is the wrong conclusion to draw without any logical explanation.  Furthermore, plaintiffs' generalized and broad requests for discovery are unavailing because they fail to demonstrate how any discovery would create a genuine dispute of material fact. In sum, plaintiffs have no credible explanation to explain the questionable transactions at issue. For these reasons, and as explained *infra* and in defendant's moving papers, the Court should dismiss the action pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, grant summary judgment in favor of the Defendant on all claims pursuant to FED. R. CIV. P. 56(a).

## REPLY ARGUMENT

**A.** **A REVIEW OF PLAINTIFFS' OPPOSITION DEMONSTRATES THAT THE COMPLAINT MAY BE DISMISSED, OR ALTERNATIVELY, THAT THERE ARE NO GENUINE DISPUTES OF MATERIAL FACT PREVENTING THE GRANTING OF SUMMARY JUDGMENT**

As set forth in defendant's moving papers, the Amended Compliant fails to allege any fact, which, if true, demonstrate that the Agency's finding, is not supported by substantial evidence. First, plaintiffs continue to argue that the agency did not properly consider the evidence provided by the Owner. *See* Memorandum of Law in Opposition to Defendant's Motion To Dismiss for in the Alternative, for Summary Judgment ("Opp") at 4. The Final Agency Decision (FAD) summarizes plaintiffs' contention, however, and expressly considers the evidence he submitted. (A.R. 980-81, 984). Second, plaintiff argues that USDA should have done more, such as interviewing customers. *See* Opp.

at 5. A disqualification, however, may be based upon evidence established through, *inter alia*, on-site investigations, inconsistent redemption data, and evidence obtained through a transaction report under an electronic benefit transfer system. 7 C.F.R. § 278.6(a); *see also Idias v. United States*, 359 F.3d 695, 698 (4th Cir. 2004)*; Duchimaza v. United States*, 211 F. Supp. 3d 421, 432-33 (D. Conn. 2016). ("[T]he Government may permanently disqualify a retailer on the basis of EBT data."). Plaintiffs remaining allegations are without basis and fail to allege facts which, if true, would demonstrate that the FAD is not supported by substantial evidence.

As detailed in Part III.D in defendant's moving papers, the Agency identified two categories of suspicious transactions that are probative of trafficking: (1) multiple transactions made from individual benefit accounts in unusually short time frames; and (2) excessively large purchases made from recipient accounts. In the FAD, the Agency explained in detail and provided substantial documentation to support its ultimate finding that the Store engaged in trafficking with respect to each of the patterns of suspicious transactions. (A.R. 977-89). For all the reasons set forth therein, and because plaintiff fails to offer any evidence to create a genuine dispute of material fact, summary judgment is appropriate.

**B.     PLAINTIFF REQUEST FOR DISCOVERY SHOULD BE DENIED**

Instead of opposing defendants' motion in any meaningful way, plaintiffs instead ask this Court to stay or deny the defendant's motion for summary judgment to permit discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Defendants submits that plaintiffs' request should be denied. "[A] court many deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Negash v. United States,* 772 F. App'x 34, 35 (4th Cir. 2019) *citing Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014). In a SNAP disqualification case in particular, a pre-discovery

motion for summary judgment is proper where plaintiffs' requested discovery would not create a material dispute of fact when considering the evidence contained within the administrative record and relied upon by the agency. *See, e.g.*, *Negash v. United States*, No. CV RDB-17-1954, 2018 WL 3428716, at *4 (D. Md. July 16, 2018), *aff'd,* 772 F. App'x 34 (4th Cir. 2019) (granting pre-discovery summary judgment in a SNAP case where the discovery sought "would not create a genuine issue of material fact."); *AJS Petroleum, Inc. v. United States*, No. CIV. L-11-1085, 2012 WL 683538, at *5 (D. Md. Mar. 1, 2012) ("Because additional discovery would not change the factual landscape in this case, an analysis under the summary judgment standard is appropriate."); *J & L Liquor, Inc. v. United States*, No. 16-10717, 2017 WL 4310109, at *6 (E.D. Mich. Sept. 28, 2017) ("courts have rejected the notion that 'de novo' review under § 2023(a)(15) requires that a district court proceed as if no agency action had been taken"); *Ganesh v. United States*, No. 7:15-cv-00012, 2015 WL 6871644, *3 (E.D. Ky. 2015) (refusing to allow discovery into the names of the SNAP beneficiaries because "plaintiffs do not explain how the information they would gain … would help them explain the electronic charges in question").

EBT transaction date from January 2018 through June 2018 found two patterns which were indicative of trafficking: (1) there were multiple transactions made from individual benefit accounts in usually short time frames; and (2) there were excessively large purchase transactions made from recipient accounts. (A.R. 980). The Agency was required to determine whether these questionable transactions were, more likely than not, the result of trafficking. The discovery that plaintiff now seeks is either already contained within the administrative record or not relevant to the issue before this Court as it would not create a material dispute of fact. Specifically, plaintiffs seek discovery in 17 different categories. *See* Declaration of Jessie Lyons Crawford ("Crawford Decl." at ¶ 4( a)-(q). As addressed below, these requests are broad and based upon generalized

- 4 -

statements of need without a sufficient showing as to how any additional information outside of the administrative record would create a material dispute of fact in this case.

Plaintiffs claim that they need all information utilized or relied upon by the defendant in disqualifying the plaintiffs in participating in SNAP. *See* Crawford Decl. at ¶ 4 (a), (d), (e), (f), (o). The FAD, however, details all the evidence that was relied upon in disqualifying the plaintiffs' SNAP participation. (A.R. 977-89). The evidence relied upon is also set forth and explained in the case analysis, dated August 27, 2018. (A.R. 487-515).

First, the FAD relies upon information obtained from the store visit that occurred on June 17, 2013. (A.R. 981). The information from the store visit, such as the store's inventory, the size of the store, and the fact that the store does not sell any SNAP eligible item over $5 is not in dispute. Furthermore, the photos of the store and other information regarding the store visit is included in the administrative record. (A.R. 77-99, 488-499). And if any of this information were in dispute, plaintiffs would have the information in their possession to demonstrate so. *See, e.g.*, *Emmons v. McLaughlin*, 874 F.2d 351, 357 (affirming pre-discovery summary judgment where Rule 56 affiant's "right to further discovery hinged … upon facts that, if they existed, should have been within [the affiant]'s personal knowledge"); *Reynolds v. New Orleans*, No. 272 F. App'x 331, 341 (5th Cir. 2008) (affirming summary judgment and request to postpone judgment to allow for more time for discovery where "the Plaintiffs failed to even produce that evidence which was within their control").

Second, the FAD relies upon a set of questionable SNAP transactions. (A.R. 981-84). Plaintiffs claim that they have not received household data for the persons listed in the charging letters or the timeframe. *See* Crawford Decl. at ¶ 4(b). Plaintiff were, however, provided with these transactions in a letter dated August 29, 2018. (A.R. 516-30). Plaintiffs offer no reasonable

explanation to account for the 21 sets of transactions conducted by the same household within a short period of time for large dollar amounts. (A.R. 982). In contrast, the Agency explained "Although it is not uncommon for customers to have more than one transaction per day, it is not common that such multiple transactions are for large dollar amounts." (A.R. 982). Indeed, plaintiffs do not, for example, dispute the fact that there are supermarkets within a short distance. Thus, even if plaintiffs, through some discovery, where able to explain some of the questionable transactions, they have failed to raise any reasonable inference that trafficking did not incur. *See Idias v. United States*, 359 F.3d 695, 698 (4th Cir. 2004) (Agency disqualification determination upheld even where retailer was able to controvert some of the Government's evidence). This is especially so since there are two patterns of irregular trafficking, and not just one. (A.R. 982) ("As there is more than one patter of irregular transactions, the case of trafficking becomes more convincing."). As such, plaintiff cannot demonstrate that this information is necessary to demonstrate a genuine dispute of material fact. *See e.g. Negash v. United States*, No. CV RDB-17-1954, 2018 WL 3428716, at *4 (D. Md. July 16, 2018) ("the USDA rightfully concluded that there is no logical explanation for 72 individuals spending over $100 on convenience store items when the Appellants' store does not have a single shopping cart or basket, households were visiting larger grocery stores in addition to the Appellants' store…").

Finally, the Agency compared Green Apple to two other nearby similarly or better stocked stores. ("A.R. 983"). Plaintiffs seek all transaction data for any store that was used to compare Green Apple too. *See* Crawford Decl. at ¶ 4(c), (m). This too was provided to plaintiff. (A.R. 505-12). In addition to the transaction data, plaintiff the administrative record contains photos of the comparison stores to demonstrate their similarity. (A.R. 507-09). And any additional information about these stores would not create a material dispute of fact. *Negash v. United States*, 772 F.

App'x 34, 36 (4th Cir. 2019) (holding request for the transaction data for the stores the USDA compared to their store "would not have created a genuine dispute of material fact"). Indeed, given Green Apple's limited stock and size, there is no reasonable basis to conclude that the compared stores were stocked with significantly less SNAP eligible products than Green Appel. Indeed, there is no dispute that the highest priced SNAP-eligible item stocked by Green Appel is $5. Putting aside the two nearby stores, the SNAP transaction amounts were also found to be 40 percent greater than the average for *all* convince stores in Baltimore City. (A.R. 983). And as further evidence that trafficking is the most reasonable explanation is the fact that an analysis of five households in the charge letter to confirm that each of those households had access to, and shopped at supermarkets and super stores. (A.R. 983). Thus, any claim by the household or Green Apple that these households would conduct such large transaction at Green Appeal is unlikely.

Plaintiffs remaining claims for discovery fail to demonstrate their relevance to the determination of whether trafficking occurred. For example, plaintiffs seek statistical cases studies to support the finding of trafficking. *See* Crawford Decl. at ¶ 4 (g-i). Plaintiff then seeks internal memorandum, guidelines, training materials, standing operating procedures, and other information related to how USDA employees perform their jobs. *See* Crawford Decl. at ¶ 4 (j-l), (n). Plaintiffs provide no explanation as to why this information would be material to the resolution of the defendants' motion for summary judgment. And all statutes and regulations governing the investigation and conduct at issue are cited to in the FAD and are publicly available.

As such, because plaintiffs have failed to demonstrate that discovery is necessary to demonstrate a genuine dispute of material fact, plaintiffs' request for discovery should be denied, and summary judgment granted in favor of defendant.

## CONCLUSION

For the reasons set forth above, in defendant's moving papers, and those appearing in the Administrative Appeal Record, the defendant respectfully requests that this Court grant its motion and either dismiss the Complaint or grant summary judgment in its favor as to all claims.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:     /s/
Jane E. Andersen (Bar No: 802834))
Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
(301) 344-4422
Jane.Andersen@usdoj.gov
